TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00373-CR







Bartolo Dominguez, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 08-339-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Bartolo Dominguez, Jr., guilty of aggravated kidnapping and
theft from a person. The jury assessed punishment, enhanced by a previous felony conviction, at
forty-seven years in prison for the aggravated kidnapping and at twenty years in prison for the theft. 
In a single point of error, appellant contends that the trial court's charge incorrectly instructed the
jury regarding the range of punishment for the theft and, as a consequence, the punishment assessed
for that offense exceeds that which is statutorily authorized. We overrule this contention and affirm
the judgments of conviction. 

On the morning of February 26, 2008, Paul Roland, who was seventy-three years old,
was approached by a man and a woman in the parking lot of his apartment building in Williamson
County. At gunpoint, these assailants forced Roland into his own truck, took his keys, watch, and
wallet, and then bound his hands and placed a bandana over his eyes. During this episode, the man
struck Roland on the forehead with the pistol. With Roland bound in the back seat, the two
assailants drove from the apartment complex in Roland's truck, stopping a few blocks away beside
another vehicle. The two persons who seized Roland got out of the truck, and their place was taken
by three or four other individuals (Roland was unsure of the number). These kidnappers drove to
Buda, where Roland was taken from his truck and placed in a van, and then drove to a motel in
San Antonio. Appellant's fingerprints were later found in Roland's truck, and it is undisputed that
he was one of the kidnappers.

The following morning, Roland's brother received a telephone call demanding
$500,000 ransom for his safe return. Over the next thirty-six hours, the kidnappers made several
additional calls to arrange for the payment of the ransom. Using the signals from the cell phones
used to make these calls, police traced the kidnappers to the San Antonio motel. On the night of
February 28, police officers stopped the kidnappers' van as they attempted to move Roland from the
motel to another location. Appellant was driving the van. Roland was found in the back seat with
a bandanna over his face.

Count one of the indictment alleged in four paragraphs that appellant abducted
Roland (1) with intent to hold him for ransom, (2) with intent to facilitate the commission of theft
of more than $200,000, (3) with intent to inflict bodily injury on Roland, and (4) with intent to
terrorize Roland or his brother. See Tex. Penal Code Ann. § 20.04(a)(1), (3), (4), (5) (West 2003)
(aggravated kidnapping). (1) The trial court's charge authorized the jury to convict appellant for
aggravated kidnapping or for the lesser included offenses of kidnapping and unlawful restraint. The
jury returned a verdict convicting appellant of aggravated kidnapping. Appellant does not bring
forward a point of error complaining of this conviction or the punishment assessed.

Count two of the indictment alleged in two paragraphs that appellant, in the course
of committing theft, (1) caused bodily injury to Roland by grabbing or pushing him into one or more
vehicles, striking him with a hand, fist, firearm, or unknown object, or by any combination of these
acts, and (2) threatened or placed Roland in fear of imminent bodily injury or death. See
id. § 29.02(a)(1), (2) (robbery). In both paragraphs, the robbery was aggravated by the allegation that
Roland was sixty-five years of age or older. See id. § 29.03(a)(3)(A) (aggravated robbery). The trial
court's charge authorized the jury to convict appellant for aggravated robbery or for the lesser
included offense of theft from a person. See id. § 31.03(a), (e)(4)(B) (West Supp. 2009). The jury
returned a verdict convicting appellant of the lesser offense.

The indictment also contained a "deadly weapon notice" alleging that appellant used
or exhibited a deadly weapon, "namely, a hand, fist, firearm or an unknown object," during the
commission of or during immediate flight from a felony offense, or was a party to the offense and
knew that a deadly weapon would be used or exhibited. See id. § 12.35(c)(1) (West Supp. 2009)
(providing that state jail felony shall be punished as third degree felony if deadly weapon was used
or exhibited during offense); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp.
2009). This deadly weapon issue was separately submitted to the jury at the guilt stage. The jury
answered the issue affirmatively.

Finally, the indictment contained a "penalty paragraph" alleging that appellant had
been previously convicted of a felony. Appellant pleaded true to this allegation. Over appellant's
objection, the trial court's punishment charge instructed the jury that the punishment range for the
theft-from-a-person offense was two to twenty years. See Tex. Penal Code Ann. § 12.42(a)(3) (West
Supp. 2009) (enhancing punishment for state jail felony punishable under section 12.35(c)). 
Appellant urged below, as he now urges on appeal, that the jury's deadly weapon finding did not
apply to the theft offense. Thus, according to appellant, the theft from a person for which he was
convicted was an ordinary state jail felony, was not punishable under section 12.35(c), and was not
subject to further enhancement pursuant to section 12.42(a)(3). Appellant contends that the proper
range of punishment for this offense was confinement in a state jail for no more than two years or
less than 180 days. See id. § 12.35(a).

Appellant argues that by acquitting him of aggravated robbery, the jury necessarily
concluded that he did not use a deadly weapon during the commission of the offense alleged in count
two. As appellant expresses it in his brief, "If the jury believed that Appellant used or exhibited a
deadly weapon as part of the offense in Count II, it would have had to convict him of the charged
offense." Appellant continues, "It is clear . . . when considering Count II, and not being free to
ignore the fact that [Roland] was 74 years old, the jury necessarily believed that a deadly weapon was
not involved. Since the jury reached its decision in this fashion, the deadly weapon finding clearly
does not, and cannot, apply to Count II. Theft from a person plus a deadly weapon, after all, would
be aggravated robbery, the very offense of which the jury determined, by it's conviction of the lesser
included offense, Appellant was not guilty."

Appellant's argument notwithstanding, there is no necessary inconsistency between
the decision to acquit appellant of aggravated robbery and a finding that a deadly weapon was used
during the lesser included theft. Use of a deadly weapon was not the aggravating element of the
robbery alleged in count two, and the court's charge did not make appellant's conviction for
aggravated robbery contingent on a finding that a deadly weapon was used during the offense. 
Moreover, the court's charge authorized appellant's conviction for aggravated robbery only as the
primary actor, but it authorized appellant's conviction for the lesser included theft both as the
primary actor and as a party. (2) Thus, the jury's decision to convict appellant for the lesser included
theft offense does not necessarily mean that the jury found that no deadly weapon was used during
the commission of the offenses alleged or included in count two. Consistent with the evidence and
the charge, the jury could have concluded that the State failed to prove that appellant personally
robbed Roland, but that the State did prove that he was a party to a theft from Roland during which
a deadly weapon was used or exhibited. 

The evidence supports the conclusion that a deadly weapon was used or exhibited
during both the aggravated kidnapping and the theft. The evidence also supports the conclusion that
appellant was criminally responsible for this use whether it was his own conduct or the conduct of
another. There is nothing in the record to support appellant's assertion that the jury's deadly weapon
finding applied only to the aggravated kidnapping offense. The trial court's punishment charge
incorporated the proper range of punishment for the theft-from-a-person offense, and the punishment
assessed was statutorily authorized.

The point of error is overruled, and the judgment of conviction is affirmed.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: May 25, 2010

Do Not Publish
1. As returned by the grand jury, the indictment contained three counts. The original count one,
alleging organized criminal activity, was abandoned by the State, and the remaining counts were
renumbered accordingly.
2. Aggravated robbery was the only offense submitted to the jury for which the court did not
authorize appellant's conviction both as the primary actor and as a party. We find no explanation
for this in the record.